Scott A. Gilmore (SBN 284961)
Amanda Lee-DasGupta (*pro hac vice*)
Mary S. Van Houten Harper (*pro hac vice*)
Amanda V. Boltax (*pro hac vice*)
**Hausfeld LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
(202) 540-7200
sgilmore@hausfeld.com
alee@hausfeld.com
mvanhouten@hausfeld.com
mboltax@hausfeld.com

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PADRE (*alias*) and JUNIOR (*alias*), *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> MVM, INC., <br><br> Defendant. | Case No. 3:24-cv-01265-DMS-AHG <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** <br><br> DATE: December 20, 2024 <br> TIME: 1:30 p.m. <br> JUDGE: Hon. Dana M. Sabraw <br> CTRM: 13A |

Plaintiffs respectfully submit this response to the Request for Judicial Notice (ECF No. 42-2) ("RJN") filed by Defendant MVM, Inc. ("MVM" or "Defendant") in support of its Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7).

## INTRODUCTION

MVM asks the Court to take judicial notice of 57 documents attached as Exhibits to its RJN:

- **Exhibits 1-2:** publicly-filed court documents relating to the *Ms. L.* settlement agreement and this Court's Order approving the settlement agreement (together, the "*Ms. L.* Settlement");

- **Exhibits 3-53:** publicly-filed court documents in 44 cases arising from the Family Separation Policy and alleging claims against the United States under the Federal Tort Claims Act (collectively, the "FTCA Cases"); and

- **Exhibits 54-57:** published news articles.

Plaintiffs do not oppose MVM's request for judicial notice of publicly-filed court documents (Exhibits 1-53), nor do they oppose judicial notice of published news articles (Exhibits 54-57) for the limited purpose of indicating what was in the public realm at the time the articles were published. Though MVM may have had a different motivation for seeking notice, each Exhibit annexed to MVM's RJN actually supports Plaintiffs' claims and arguments in opposition to MVM's motion to dismiss. *See, e.g.*, Pls.' Opp., ECF No. 44 at 5, 9 n.6, 16, 28, 36.

## LEGAL STANDARD

Generally, courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) without converting the motion to dismiss into a motion for summary judgment under Rule 56.[1] Fed. R. Civ. P. 12(d); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)), *cert. denied*, 139 S. Ct. 2615 (2019). But "[t]here are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja*, 899 F.3d at 998.

Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to a reasonable dispute" in that they are either: (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). "Accordingly, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja*, 899 F.3d at 999 (internal citation and quotation marks omitted). Courts may not, however "take judicial notice of disputed facts contained in such public records." *Id.* Thus, "[w]hile matters of public record are proper subjects of judicial notice, a court may take notice only of the authenticity and existence of a particular [record], not the veracity or validity of its contents." *Tinoco*, 327 F.R.D. at

---

[1] In evaluating a 12(b)(7) motion to dismiss for failure to join an indispensable party, however, the court is not limited to the pleadings. *Tinoco v. San Diego Gas & Elec. Co.*, 327 F.R.D. 651, 657 (S.D. Cal. 2018); *see also McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960). Thus, "[a] court may consider extraneous evidence when deciding a Rule 12(b)(7) motion without converting it into a motion for summary judgment." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, 826 F. Supp. 2d 1180, 1197 (C.D. Cal. 2011) (internal citation omitted).

657 (quoting *Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 878 (N.D. Cal. 2013)); *see also Lee*, 250 F.3d at 688-90.

## ARGUMENT

### I. Exhibits 1 & 2: *Ms. L.* Settlement

MVM improperly conflates the doctrine of incorporation-by-reference and judicial notice pursuant to Rule 201,[2] "seek[ing] judicial notice of Exhibits 1 and 2 on the grounds that Plaintiffs incorporated these documents by reference into their Complaint." *See* RJN at 8. Notwithstanding MVM's improper conflation, Plaintiffs acknowledge that Exhibits 1 and 2 (together, the "*Ms. L.* Settlement") are fairly incorporated into the Complaint and, as publicly-filed court documents, they are also properly subject to judicial notice. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of state appellate court opinion and briefs filed in that proceeding in determining whether an issue was actually litigated and necessarily decided in state court, for issue preclusion purposes).

Exhibits 1 and 2 confirm that the Government agreed to enjoin itself from carrying out Family Separation except in limited, non-punitive circumstances. *See* Pls.' Opp. at 2, 3, 5, 8, 10-11.

### II. Exhibits 3-53: FTCA Cases

MVM also asks this Court to take judicial notice of various documents filed in or reflecting 44 other federal court cases arising from the Family Separation Campaign, each alleging claims against the United States under the Federal Tort

---

[2] "Both [ ] procedures permit district courts to consider materials outside a complaint, but each does so for different reasons and in different ways." *Khoja*, 899 F.3d at 998. Incorporation by reference "treats certain documents as though they are part of the complaint itself." *Id.* at 1002; *see also Ecological Rts. Found. v. Pacific Gas & Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013). "[U]nlike judicial notice, a court 'may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Khoja*, 899 F.3d at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

Claims Act (FTCA). *See* RJN at 9, Exs. 3-53 (collectively, the "FTCA Cases"). As with Exhibits 1 and 2, Plaintiffs recognize that court documents already in the public record and documents filed in other courts are proper subjects of judicial notice. *See, e.g.*, *Holder*, 305 F.3d at 866; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings) (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)).

Accordingly, Plaintiffs do not oppose MVM's request for judicial notice of the FTCA Cases, but note the following errors in the "Table of Contents" annexed to MVM's RJN:

| MVM's Table of Contents (incorrect) | Correct Case Number |
|---|---|
| Exhibit 18: 1:20-cv-12015 (D. Mass.) | 4:20-cv-12015 (D. Mass.) |
| Exhibit 22: 2:21-cv-00469 (E.D. Pa.) | 5:21-cv-00469 (E.D. Pa.) |
| Exhibit 29: 3:21-cv-04457 (N.D. Cal.) | 4:21-cv-04457 (N.D. Cal.) |
| Exhibit 37: 4:22-cv-01583 (N.D. Cal.) | 4:22-cv-05183 (N.D. Cal.) |
| Exhibit 38: 3:22-cv-05333 (N.D. Cal.) | 4:22-cv-05333 (N.D. Cal.) |

In each of the 44 FTCA Cases, the Government settled with the plaintiff(s). Further, in all but one of the FTCA cases where a motion to dismiss was adjudicated, the court found that the Government was not immune from suit, including based on a finding that Family Separation was plausibly alleged as unlawful. *See* Pls.' Opp. at 9 n.6.

### III. Exhibits 54-57: News Articles

Finally, MVM requests judicial notice of four published news articles. *See* RJN at 10, Exs. 54-57. Plaintiffs agree that the Court may take judicial notice of news articles for the limited purpose of "indicat[ing] what was in the public realm at the time[.]" *Gallagher v. Phillips*, 563 F. Supp. 3d 1048, 1071 (S.D. Cal. 2021) (internal

citation and quotation marks omitted); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of "the fact that various newspapers, magazines, and books have published information about the [art that was the subject of the suit]"). Accordingly, Plaintiffs do not oppose judicial notice of Exhibits 54-57 to indicate what was in the public realm at the time the news articles were published.

Notably, MVM asks the Court to take judicial notice of the fact that "the Government had repeatedly publicly discussed litigation surrounding the Family Separation Policy" and then concludes, without analysis, that "the news articles attached as Exhibits 54-57 [] show that the Government has an interest in the instant lawsuit[.]" RJN at 9-10. MVM's conclusory argument is unavailing. None of the articles are mentioned in MVM's motion and none reference this lawsuit or any litigation against contractors. To the extent they evince any interest, it is an interest in seeing that the class be compensated. In any case, this disputed fact is not subject to judicial notice. *Khoja*, 899 F.3d at 999. As Plaintiffs emphasize, the proper inference that can be judicially noticed from the news articles is that the public was notified that the United States was negotiating a global financial settlement for the class, substantiating Plaintiffs' equitable tolling claims. *See* Pls.' Opp. at 5, 28.

## CONCLUSION

For the foregoing reasons, Plaintiffs do not oppose MVM's Request for Judicial Notice of publicly-filed court documents (Exhibits 1-53), nor do they oppose judicial notice of published news articles (Exhibits 54-57) for the limited purpose of indicating what was in the public realm at the time the articles were published.

Plaintiffs respectfully submit that the Court may take judicial notice of these materials without converting MVM's Rule 12(b)(6) motion into a motion for summary judgment under Rule 56. *See Khoja*, 899 F.3d at 999 (noting that Federal Rule of Evidence 201 permits a court to take judicial notice of matters of public record without

converting a 12(b)(6) motion to dismiss into a motion for summary judgment); *see also In re Toyota Motor Corp.*, 826 F. Supp. 2d at 1197 ("A court may consider extraneous evidence when deciding a Rule 12(b)(7) motion without converting it into a motion for summary judgment.") (internal citation omitted).

In the event the Court determines that MVM's motion to dismiss should be converted to a motion for summary judgment pursuant to Rules 12(d) and 56, Plaintiffs respectfully request they be given notice that the Court intends to treat the motion as a summary judgment motion and be granted an opportunity to take discovery "to present all the material that is pertinent to the motion." *See* Fed. R. Civ. P. 12(d); *see also Khoja*, 899 F.3d at 998.

Dated: December 3, 2024

Respectfully submitted,

/s/ *Scott A. Gilmore*
Scott A. Gilmore (SBN 284961)
Amanda Lee-DasGupta (*pro hac vice*)
Mary S. Van Houten Harper (*pro hac vice*)
Amanda V. Boltax (*pro hac vice*)
**Hausfeld LLP**
888 16th Street N.W., Suite 300
Washington, DC 20006
(202) 540-7200
sgilmore@hausfeld.com
alee@hausfeld.com
mvanhouten@hausfeld.com
mboltax@hausfeld.com

Katie R. Beran (*pro hac vice*)
**Hausfeld LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
(215) 985-3270
kberan@hausfeld.com

James Gotz (*pro hac vice*)

PLS.' RESP. TO DEF.'S REQ. FOR JUDICIAL NOTICE

Case No. 3:24-cv-01265-DMS-AHG

7

**Hausfeld LLP**
One Marina Park Drive, Suite 14010
Boston, MA 02210
(617) 207-0600
jgotz@hausfeld.com

Ashley Crooks (*pro hac vice*)
Erika A. Inwald (*pro hac vice*)
**Hausfeld LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
(646) 357-1100
acrooks@hausfeld.com
einwald@hausfeld.com

Paul L. Hoffman (SBN 71244)
John C. Washington (SBN 315991)
**Schonbrun Seplow Harris Hoffman & Zeldes LLP**
200 Pier Avenue, Suite 226
Hermosa Beach, California 90254
(310) 717-7373
hoffpaul@aol.com
jwashington@sshhzlaw.com

Andrew Fels (*pro hac vice*)
**Al Otro Lado**
3214 Fountain Park Blvd.
Knoxville, TN 37917
(865)-567-4881
andrew@alotrolado.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on December 3, 2024, I filed the foregoing document and supporting papers with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF system. I also served counsel of record via this Court's CM/ECF system.

/s/ *Scott A. Gilmore*
Scott A. Gilmore