PILLSBURY WINTHROP SHAW PITTMAN LLP
PAUL J. FRAIDENBURGH (280354)
MICHELLE A. HERRERA (209842)
J. RYAN STASELL (307431)
ALEXANDER P. CARROLL (339890)
11682 El Camino Real, Suite 200
San Diego, CA 92130
Telephone:  858-509-4000; Facsimile: 858-509-4010
Email:  paul.fraidenburgh@pillsburylaw.com
         michelle.herrera@pillsburylaw.com
         ryan.stasell@pillsburylaw.com
         alexander.carroll@pillsburylaw.com

PILLSBURY WINTHROP SHAW PITTMAN LLP
THOMAS C. HILL (DC 242974)
1200 Seventeenth Street, NW
Washington, DC  20036
Telephone:  202-663-8000; Facsimile: 202-663-8007
Email:  thomas.hill@pillsburylaw.com
(*Admitted Pro Hac Vice*)

Attorneys for Defendant MVM, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PADRE (*alias*) and JUNIOR (*alias*), *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>MVM, INC.,<br><br>Defendant. | Case No.  3:24-cv-01265-DMS-AHG<br><br>**ANSWER TO CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Dana M. Sabraw<br>Courtroom: 13A<br><br>Complaint Filed:  July 23, 2024<br><br>Trial Date:  None Set |

1

Defendant MVM, Inc. ("MVM"), by and through its undersigned counsel, hereby answers the Class Action Complaint ("Complaint") brought by Plaintiffs Padre (*alias*) and Junior (*alias*), on behalf of themselves and all others similarly situated ("Plaintiffs") as set forth below.  Unless otherwise stated, and solely for convenience, this Answer employs the defined terms set forth in the Complaint; no agreement or waiver by such use is intended.

**INTRODUCTION**

1.    MVM admits that the U.S. government enforced its federal immigration policy from 2017 and 2021, which included, in certain instances, separating minor children from their parents at the southern border, a practice that this Court, in the *Ms. L, et al., v. U.S. Immigration and Customs Enforcement* case, Case No. 3:18-cv-000428-DMS-AHG (the "*Ms. L* Litigation") found, if done without a showing that the minor's parents were unfit or otherwise presented a danger to their children, was likely to be a violation of the affected individuals' Fifth Amendment due process rights to family integrity under the United States Constitution.  Except as expressly admitted, MVM lacks sufficient information regarding the remaining allegations in paragraph 1, and therefore denies those allegations.

2.    MVM admits that the Trump Administration enacted and enforced its federal immigration policy after President Trump took office.  Except as expressly admitted, MVM lacks sufficient information regarding the remaining allegations in paragraph 2, and therefore denies those allegations.

3.    MVM lacks sufficient information regarding the allegations in paragraph 3, and therefore denies those allegations.

4.    MVM lacks sufficient information regarding the allegations in paragraph 4, and therefore denies those allegations, except MVM admits that the Trump Administration's federal immigration policy from 2017 and 2021 was widely reported on by news outlets, including, but not limited to CNN and NPR, and at times

2

commented on by members of President Trump's cabinet and staff, including, but not limited to, Secretary of Homeland Security General John Kelly and Attorney General Jeff Sessions.

5. MVM lacks sufficient information regarding the allegations in paragraph 5, and therefore denies those allegations.

6. MVM admits that as of spring 2017, Customs and Border Patrol ("CBP" or "Border Patrol") and Immigration and Customs Enforcement ("ICE") enforced the U.S. government's federal immigration policy, which included, in certain instances, separating minor children from their parents at the southern border. Paragraph 6 states a legal conclusion regarding "due process," which requires no response. Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 6, and therefore denies those allegations.

7. MVM denies the first sentence of paragraph 7. MVM admits the second and third sentences of paragraph 7. The last sentence of paragraph 7 states a legal conclusion, which requires no response. To the extent it does not state a legal conclusion, MVM denies the last sentence of paragraph 7.

8. MVM admits that it became aware in early 2017 that as part of the Trump Administration's implementation of federal immigration policy, in certain instances, federal agents separated minor children from their parents at the southern border. Except as expressly admitted, MVM denies the remaining allegations in paragraph 8.

9. MVM admits that it transported unaccompanied alien children ("UACs") pursuant to the specifications and requirements of its validly issued contract with, and the direction of, the U.S. Government. Except as expressly admitted, MVM denies the allegations in paragraph 9.

10. MVM admits that it transported UACs pursuant to the specifications and requirements of its validly issued contract with, and the direction of, the U.S.

3

Government.  Except as expressly admitted, MVM denies the remaining allegations in paragraph 10.

11.  MVM admits that it transported UACs pursuant to the specifications and requirements of its validly issued contract with, and the direction of, the U.S. Government.  Except as expressly admitted, MVM lacks sufficient information regarding the remaining allegations in paragraph 11, and therefore denies those allegations.

12.  MVM admits that on June 26, 2018, this Court entered an Order in the Related Case, and refers to that Order for its contents.  MVM denies the last sentence of paragraph 12.  Except as expressly admitted, MVM lacks sufficient information regarding the remaining allegations in paragraph 12, and therefore denies those allegations.

13.  The second sentence of paragraph 13 states a legal conclusion, which requires no response.  To the extent it does not state a legal conclusion, MVM denies the second sentence of paragraph 13.  MVM lacks sufficient information regarding the remaining allegations in paragraph 13, and therefore denies those allegations.

14.  MVM admits that it transported UACs pursuant to the specifications and requirements of its validly issued contract with, and the direction of, the U.S. Government.  Except as expressly admitted, MVM denies the allegations in paragraph 14.

15.  The first and second sentences of paragraph 15 state a legal conclusion, which requires no response.  To the extent that they do not state a legal conclusion, MVM denies the first and second sentences of paragraph 15.  MVM lacks sufficient information regarding the remaining allegations in paragraph 15, and therefore denies those allegations.

/ / /

/ / /

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:24-cv-01265-DMS-AHG
4916-2414-7246.v2

16. Paragraph 16 states a legal conclusion, which requires no response. To the extent that it does not state a legal conclusion, MVM denies the allegations in paragraph 16.

17. MVM denies the allegations in paragraph 17.

18. MVM admits that in December 2023, the United States entered into a settlement agreement in the certified class action *Ms. L. v. U.S. Immigration and Customs Enforcement*, which was ultimately approved by this Court. No. 3:18-cv-000428-DMS-AHG, ECF Nos. 721-1, 727 (S.D. Cal. 2023). MVM admits that the class settlement enjoined the practice of family separation and provided various mental health and legal benefits. MVM admits that the class settlement did not financially compensate the class members. Except as expressly admitted, MVM denies the remaining allegations in paragraph 18.

19. Paragraph 19 states a legal conclusion, which requires no response. To the extent that it does not state a legal conclusion, MVM denies the allegations in paragraph 19.

## JURISDICTION AND VENUE

20. MVM admits the allegations in paragraph 20.

21. MVM admits that the Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Except as expressly admitted, MVM denies the remaining allegations in paragraph 21, except avers that it is not challenging jurisdiction.

22. MVM admits the allegations in paragraph 22.

23. MVM admits the allegations in paragraph 23.

24. MVM admits that venue is proper under 28 U.S.C. § 1391(b)(2). Except as expressly admitted, MVM denies the remaining allegations in paragraph 24, except avers that it is not challenging venue.

/ / /

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:24-cv-01265-DMS-AHG
4916-2414-7246.v2

25.    MVM admits that venue is proper under 28 U.S.C. § 1391(b)(1).  Except as expressly admitted, MVM denies the remaining allegations in paragraph 25, except avers that it is not challenging venue.

## THE PARTIES

### PLAINTIFFS

26.    MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations in paragraph 26, and therefore denies those allegations.

### DEFENDANT

27.    MVM admits that it is a California corporation.  MVM admits that it maintains offices and substantial, continuous operations in and around San Diego, California.  Except as expressly admitted, MVM denies the remaining allegations in paragraph 27.

28.    MVM admits the allegations in paragraph 28.

29.    MVM admits the first sentence of paragraph 29.  MVM denies the second sentence of paragraph 29.

### FACTS

30.    MVM admits that on January 20, 2017, President Donald Trump was inaugurated as the forty-fifth president of the United States of America.  Except as expressly admitted, MVM lacks sufficient information regarding the remaining allegations in paragraph 30, and therefore denies those allegations.

31.    MVM admits the *New York Times* published the news article cited in paragraph 31 of Plaintiffs' Complaint and refers to the news article for its content. Except as expressly admitted, MVM lacks sufficient information regarding the remaining allegations in paragraph 31, and therefore denies those allegations.

32.    MVM admits the *Washington Post* and the Southern Poverty Law Center published the news articles cited in paragraph 32 of Plaintiffs' Complaint and refers

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:24-cv-01265-DMS-AHG
4916-2414-7246.v2

to the news articles for its content.  Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 32, and therefore denies those allegations.

33.    MVM admits the Southern Poverty Law Center published the news article cited in paragraph 33 of Plaintiffs' Complaint and refers to the news article for its content.  Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 33, and therefore denies those allegations.

34.    MVM lacks sufficient information regarding the allegations in paragraph 34, and therefore denies those allegations.

35.    MVM lacks sufficient information regarding the allegations in paragraph 35, and therefore denies those allegations.

36.    MVM admits the *Washington Post* published the news article cited in paragraph 36 of Plaintiffs' Complaint and refers to the news article for its content. Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 36, and therefore denies those allegations.

37.    MVM lacks sufficient information regarding the allegations in paragraph 37, and therefore denies those allegations.

38.    MVM lacks sufficient information regarding the allegations in paragraph 38, and therefore denies those allegations.

39.    MVM admits that *Reuters* and *CNN* published the news articles cited in paragraph 39 of Plaintiffs' Complaint and refers to the news articles for a full statement of their text.  Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 39, and therefore denies those allegations.

40.    MVM admits that *CNN* published the news article cited in paragraph 40 of Plaintiffs' Complaint and refers to the news article for its content.  Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 40, and therefore denies those allegations.

7

41. MVM admits that as of March 2017, the Trump Administration implemented and enforced its federal immigration policy. Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 41, and therefore denies those allegations.

42. MVM admits that the Trump Administration implemented and enforced its federal immigration policy. MVM denies that it separated children from their parents. Except as expressly admitted or denied, MVM lacks sufficient information regarding the allegations in paragraph 42, and therefore denies those allegations.

43. MVM admits that throughout 2017, the Trump Administration implemented and enforced its federal immigration policy. Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 43, and therefore denies those allegations.

44. MVM admits that the Trump Administration implemented and enforced its federal immigration policy. Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 44, and therefore denies those allegations.

45. MVM lacks sufficient information regarding the allegations in paragraph 45, and therefore denies those allegations.

46. MVM lacks sufficient information regarding the allegations in paragraph 46, and therefore denies those allegations.

47. MVM lacks sufficient information regarding the allegations in paragraph 47, and therefore denies those allegations.

48. MVM admits that on April 6, 2018, the U.S. Attorney general issued the memorandum cited in paragraph 48 of Plaintiffs' Complaint and refers to the memorandum for its content. MVM admits that on April 6, 2018, President Trump issued the memorandum cited in Paragraph 48 of Plaintiffs' Complaint and refers to the memorandum for its content. Except as expressly admitted, MVM lacks sufficient

8

information regarding the allegations in paragraph 48, and therefore denies those allegations.

49. MVM lacks sufficient information regarding the allegations in paragraph 49, and therefore denies those allegations.

50. MVM lacks sufficient information regarding the allegations in paragraph 50, and therefore denies those allegations.

51. MVM admits that in January 2021, the Department of Justice Office of the Inspector General published the document cited in paragraph 51 of Plaintiffs' Complaint and refers to the document for its content. Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 51, and therefore denies those allegations.

52. MVM lacks sufficient information regarding the allegations in paragraph 52, and therefore denies those allegations.

53. MVM lacks sufficient information regarding the allegations in paragraph 53, and therefore denies those allegations.

54. MVM lacks sufficient information regarding the allegations paragraph 54, and therefore denies those allegations.

55. MVM lacks sufficient information regarding the allegations paragraph 55, and therefore denies those allegations.

56. MVM admits that in January 2021, the Department of Justice Office of the Inspector General published the document cited in paragraph 56 of Plaintiffs' Complaint and refers to the document for its content. Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 56, and therefore denies those allegations.

57. MVM admits that in January 2021, the Department of Justice Office of the Inspector General published the document cited in paragraph 57 of Plaintiffs' Complaint and refers to the document for its content. Except as expressly admitted,

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:24-cv-01265-DMS-AHG
4916-2414-7246.v2

MVM lacks sufficient information regarding the allegations in paragraph 57, and therefore denies those allegations.

58.    MVM admits that in January 2021, the Department of Justice Office of the Inspector General published the document cited in paragraph 58 of Plaintiffs' Complaint and refers to the document for its content.  Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 58, and therefore denies those allegations.

59.    MVM lacks sufficient information regarding the allegations in paragraph 59, and therefore denies those allegations.

60.    MVM lacks sufficient information regarding the allegations in paragraph 60, and therefore denies those allegations.

61.    MVM denies the allegations in paragraph 61.

62.    MVM admits that it had a validly issued contract with ICE, a branch of the U.S. government, to transport unaccompanied minors since 2014.  Except as expressly admitted, MVM denies the allegations in paragraph 62.

63.    MVM denies the allegations in paragraph 63 and refers to the 2014 ICE Solicitation cited in paragraph 63 of Plaintiffs' Complaint for its content.

64.    MVM denies the allegations in paragraph 64 and refers to the 2014 ICE Solicitation cited in paragraph 64 of Plaintiffs' Complaint for its content.

65.    MVM denies the allegations in paragraph 65 and refers to the 2014 ICE Solicitation cited in paragraph 65 of Plaintiffs' Complaint for its content.

66.    Paragraph 66 states a legal conclusion, which requires no response.  To the extent it does not state a legal conclusion, MVM denies the allegations in paragraph 66.

67.    Paragraph 67 states a legal conclusion, which requires no response.  To the extent it does not state a legal conclusion, MVM denies the allegations in paragraph 67.

68.     MVM admits the allegations in paragraph 68.

69.     MVM admits that complied with its obligations pursuant to the specifications and requirements of its validly issued contract with, and the direction of, the U.S. Government.  MVM admits that when one contract period ended, it entered into another contract with the U.S. government.  Except as expressly admitted, MVM denies the allegations in paragraph 69.

70.     MVM denies the allegations in paragraph 70.

71.     MVM denies the allegations in paragraph 71.

72.     MVM denies the allegations in paragraph 72.

73.     MVM admits *Newsweek* published the news article cited in paragraph 73 of Plaintiffs' Complaint and refers to the news article for its content.  Except as expressly admitted, MVM denies the allegations in paragraph 73.

74.     MVM admits *Time* published the news article cited in paragraph 74 of Plaintiffs' Complaint and refers to the news article for its content.  Except as expressly admitted, MVM denies the allegations in paragraph 74.

75.     MVM denies the allegations in paragraph 75.

76.     MVM denies the allegations in paragraph 76.

77.     MVM specifically denies that MVM staff physically removed children from their parents.  MVM further specifically denies that MVM staff often lied to families and promised that they would see each other again soon.  MVM lacks sufficient information regarding the remaining allegations in paragraph 77, and therefore denies those allegations.

78.     MVM admits ProPublica published the article cited in paragraph 78 of Plaintiffs' Complaint and refers to the article for its content.  Except as expressly admitted, MVM lacks sufficient information regarding the remaining allegations in paragraph 78, and therefore denies those allegation.

79.     MVM denies the allegations in paragraph 79.

11

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:24-cv-01265-DMS-AHG

80.     MVM admits that it transported UACs to ORR-operated shelters around the country pursuant to the specifications and requirements of its validly issued contract with, and the direction of, the U.S. Government.  MVM further admits that it utilized private vehicles and public airlines to fulfill its contractual obligations.  Except as expressly admitted, MVM denies the allegations in paragraph 80.

81.     MVM admits that paragraph 81 depicts charts from a DHS Office of the Inspector General Report.  Except as expressly admitted, MVM denies the allegations in paragraph 81.

82.     The allegations in Paragraph 82 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM admits housing UACs overnight as permitted by its validly issued contract with the U.S. Government.  Except as expressly admitted, MVM denies the allegations in paragraph 82.

83.     MVM lacks sufficient information regarding the allegations in paragraph 83, and therefore denies those allegations.

84.     MVM lacks sufficient information regarding the allegations in paragraph 84, and therefore denies those allegations.

85.     MVM admits that Paragraph 85 of Plaintiffs' Complaint refers to a news article and refers to the news article for its content.  Except as expressly admitted, MVM denies the allegations in paragraph 85.

86.     MVM denies the allegations in paragraph 86.

87.     MVM admits that paragraph 87 depicts an image from a DHS Office of the Inspector General Report.  Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 87, and therefore denies those allegations.

88.     MVM admits that DHS would transfer UACs to MVM for transportation pursuant to the specifications and requirements of its validly issued contract with, and

12

the direction of, the U.S. Government.  MVM admits that the DHS Office of the Inspector General published the report cited in paragraph 88 of Plaintiffs' Complaint and refers to the report for its contents.  Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 88, and therefore denies those allegations.

89.    MVM denies the allegations in paragraph 89.

90.    MVM admits Border Patrol agents manually requested MVM transfer UACs to ORR shelters via email pursuant to the specifications and requirements of its validly issued contract with, and the direction of, the U.S. Government.  Except as expressly admitted, MVM denies the allegations in paragraph 90.

91.    MVM lacks sufficient information regarding the allegations in paragraph 91, and therefore denies those allegations.

92.    MVM denies the allegations in paragraph 92.

93.    The allegations in Paragraph 93 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 93.

94.    MVM admits *Reuters* published the article cited in paragraph 94 of Plaintiffs' Complaint and refers to the article for its content.  Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 94, and therefore denies those allegations.

95.    The allegations in Paragraph 95 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 95.

96.    MVM admits *Slate* published the article cited in paragraph 96 of Plaintiffs' Complaint and refers to the article for its content.  Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 96, and therefore denies those allegations.

97. MVM admits the *Washington Post* published the article cited in paragraph 97 of Plaintiffs' Complaint and refers to the article for its content. Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 97, and therefore denies those allegations.

98. MVM admits Amnesty International issued the document cited in paragraph 98 of Plaintiffs' Complaint and refers to the document for its content. Except as expressly admitted, MVM denies the allegations in paragraph 98.

99. The allegations in Paragraph 99 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 99.

100. The allegations in Paragraph 100 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 100.

101. The allegations in Paragraph 101 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 101.

102. The allegations in Paragraph 102 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 102.

103. MVM admits the UNICEF published the statement cited in paragraph 103 of Plaintiffs' Complaint and refers to the article for its content. Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 103, and therefore denies those allegations.

104. The allegations in Paragraph 104 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 104.

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:24-cv-01265-DMS-AHG
4916-2414-7246.v2

105.   The allegations in Paragraph 105 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 105.

106.   The allegations in Paragraph 106 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 106.

107.   The allegations in Paragraph 107 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM admits the ICE Advisory Committee on Family Residential Centers published the statement cited in paragraph 107 of Plaintiffs' Complaint and refers to the article for its content.  Except as expressly admitted, MVM denies the allegations in paragraph 107.

108.   The allegations in Paragraph 108 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM admits that Plaintiffs accurately quote the text from the Section 1.9 and 5.6 of the National Standards on Transport, Escort, Detention, and Search as stated in paragraph 108.  Except as expressly admitted, MVM denies the allegations in paragraph 108.

109.   The allegations in Paragraph 109 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 109.

110.   The allegations in Paragraph 110 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 110.

111.   The allegations in Paragraph 111 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 111.

112. The allegations in Paragraph 112 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 112.

113. MVM admits that the *Washington Post* published the article cited in paragraph 113 of Plaintiffs' Complaint and refers to the article for its content. Except as expressly admitted, MVM denies the allegations of paragraph 113.

114. MVM lacks sufficient information regarding the allegations in the first sentence of paragraph 114, and therefore denies those allegations. MVM denies the remaining allegations in paragraph 114.

115. The allegations in Paragraph 115 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM states that it lacks sufficient information regarding the allegations in paragraph 115, and therefore denies those allegations.

116. MVM admits the Court entered an order granting an injunction at *Ms. L.*, No. 3:18-cv-000428-DMS-MDD, ECF No. 83 and refers to the order for its content. Except as expressly admitted, MVM denies the allegations in paragraph 116.

117. The allegations in Paragraph 117 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 117.

118. The allegations in Paragraph 118 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 118.

119. MVM admits that the AAP News published the article cited in paragraph 119 of Plaintiffs' Complaint and refers to the article for its content. Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 119, and therefore denies those allegations.

120.   MVM denies the allegations in paragraph 120.

121.   MVM admits that the American Academy of Pediatrics published the document cited in paragraph 121 of Plaintiffs' Complaint and refers to the document for its content.  Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 121, and therefore denies those allegations.

122.   MVM admits that the National Academies of Sciences Engineering Medicine issued the statement cited in paragraph 122 of Plaintiffs' Complaint and refers to the statement for its content.  Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 122, and therefore denies those allegations.

123.   MVM admits the quoted text appears in this Court's order in *Ms. L.*, No. 3:18-cv-000428-DMS-MDD, ECF No. 83 and refers to the order for its content. Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 123, and therefore denies those allegations.

124.   MVM lacks sufficient information regarding the allegations in paragraph 124, and therefore denies those allegations.

125.   MVM admits that it transported UACs pursuant to the specifications and requirements of its validly issued contract with, and the direction of, the U.S. government.  MVM further admits the U.S. government modified the then current contract by issuing a task order in January 2018.  Except as expressly admitted, MVM denies the allegations in paragraph 125.

126.   MVM admits the U.S. government modified the then current contract by issuing a task order in March 2018.  Except as expressly admitted, MVM denies the allegations in paragraph 126.

127.   MVM admits the U.S. government modified the then current contract by issuing a task order on April 20, 2018 and May 24, 2018.  Except as expressly admitted, MVM denies the allegations in paragraph 127.

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:24-cv-01265-DMS-AHG
4916-2414-7246.v2

128.   MVM denies the allegations in paragraph 128.

129.   MVM denies the allegations in paragraph 129.

130.   MVM denies the allegations in paragraph 130.

131.   MVM denies the allegations in paragraph 131.

132.   MVM admits that the *Washington Post* published the article cited in paragraph 132 of Plaintiffs' Complaint and refers to the article for its content.  Except as expressly admitted, MVM denies the allegations of paragraph 132.

133.   The allegations in Paragraph 133 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM admits that it transported UACs pursuant to the specifications and requirements of its validly issued contract with, and the direction of, the U.S. Government.  Except as expressly admitted, MVM denies the allegations in paragraph 133.

134.   MVM admits that a July 2019 motion was filed in *Ms. L.* and admits that the ACLU and Physicians for Human Rights published the articles cited in paragraph 134 of Plaintiffs' complaint and refers to the articles for their content.  Except as expressly admitted, MVM denies the allegations in paragraph 134.

135.   MVM admits that ICE solicited bids for another five-year contract to transport unaccompanied minors in July 2019.  Except as expressly admitted, MVM denies the allegations in paragraph 135.

136.   MVM admits *Quartz* published the article cited in paragraph 136 of Plaintiffs' Complaint and refers to the article for its content.  Except as expressly admitted, MVM denies the allegations in paragraph 136.

137.   MVM lacks sufficient information regarding the allegations in paragraph 137, and therefore denies those allegations.

138.   MVM denies the allegations in paragraph 138 and avers that on March 31, 2020, MVM received a contract with an award value of $743,584,952.88, of which, $24,394,180.16 was obligated.

139.    MVM admits the *New York Times* published the article cited in paragraph 139 of Plaintiffs' Complaint and refers to the article for its content.  Except as expressly admitted, MVM denies the allegations in paragraph 139.

140.    MVM admits the *New York Times* published the article cited in paragraph 140 of Plaintiffs' Complaint and refers to the article for its content.  Except as expressly admitted, MVM denies the allegations in paragraph 140.

141.    The allegations in Paragraph 141 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 141.

142.    MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations in paragraph 142, and therefore denies those allegations.

143.    MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 143, and therefore denies those allegations.

144.    MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 144, and therefore denies those allegations.

145.    MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 145, and therefore denies those allegations.

146.    MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 146, and therefore denies those allegations.

147.    MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 147, and therefore denies those allegations.

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:24-cv-01265-DMS-AHG
4916-2414-7246.v2

148.   MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 148, and therefore denies those allegations.

149.   MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 149, and therefore denies those allegations.

150.   MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations in paragraph 150, and therefore denies those allegations.

151.   MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 151, and therefore denies those allegations.

152.   MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 152, and therefore denies those allegations.

153.   MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 153, and therefore denies those allegations.

154.   MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 154, and therefore denies those allegations.

155.   MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 155, and therefore denies those allegations.

156.   MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 156, and therefore denies those allegations.

20

157. MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 157, and therefore denies those allegations.

158. MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 158, and therefore denies those allegations.

159. MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 159, and therefore denies those allegations.

160. MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 160, and therefore denies those allegations.

161. MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 161, and therefore denies those allegations.

162. MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 162, and therefore denies those allegations.

163. MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 163, and therefore denies those allegations.

164. MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 164, and therefore denies those allegations.

165. MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 165, and therefore denies those allegations.

21

166.   MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 166, and therefore denies those allegations.

167.   MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 167, and therefore denies those allegations.

168.   MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 168, and therefore denies those allegations.

169.   MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 169, and therefore denies those allegations.

170.   MVM has no information as to Padre's or Junior's identity and therefore lacks sufficient information regarding the allegations paragraph 170, and therefore denies those allegations.

171.   The allegations in paragraph 171 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM lacks sufficient information regarding the allegations in paragraph 171, and therefore denies those allegations.

172.   MVM lacks sufficient information regarding the allegations in paragraph 172, and therefore denies those allegations.

173.   MVM admits the existence of the article cited in paragraph 173 of Plaintiffs' Complaint and refers to the article for its content.  Except as expressly admitted, MVM denies the allegations in paragraph 173.

174.   MVM lacks sufficient information regarding the allegations in paragraph 174, and therefore denies those allegations.

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:24-cv-01265-DMS-AHG
4916-2414-7246.v2

175.    MVM lacks sufficient information regarding the allegations in paragraph 175, and therefore denies those allegations.

176.    MVM admits the existence of the article cited in paragraph 176 of Plaintiffs' Complaint and refers to the article for its content.  Except as expressly admitted, MVM lacks sufficient information regarding the allegations in paragraph 176, and therefore denies those allegations.

177.    MVM lacks sufficient information regarding the allegations in paragraph 177, and therefore denies those allegations.

178.    MVM admits the existence of the article cited in paragraph 178 of Plaintiffs' Complaint and refers to the article for its content.  Except as expressly admitted, MVM denies the allegations in paragraph 178.

179.    MVM lacks sufficient information regarding the allegations in paragraph 179, and therefore denies those allegations.

## CLASS ALLEGATIONS

180.    The allegations in paragraph 180 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 180.

181.    The allegations in paragraph 181 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 181.

182.    The allegations in paragraph 182 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 182.

183.    The allegations in paragraph 183 are legal arguments, not factual allegations, to which no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 183.

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:24-cv-01265-DMS-AHG
4916-2414-7246.v2

184. The allegations in paragraph 184 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 184.

185. The allegations in paragraph 185 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 185.

186. The allegations in paragraph 186 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 186.

**CAUSES OF ACTION**

**COUNT I – VIOLATIONS OF SAFE CONDUCT**

**ALIEN TORT STATUTE, 28 U.S.C. § 1350**

187. MVM realleges and reincorporates its responses to the preceding paragraphs.

188. The allegations in paragraph 188 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 188.

189. The allegations in paragraph 189 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 189.

190. The allegations in paragraph 190 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 190.

191. The allegations in paragraph 191 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 191.

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:24-cv-01265-DMS-AHG
4916-2414-7246.v2

192. The allegations in paragraph 192 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 192.

193. The allegations in paragraph 193 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 193.

194. The allegations in paragraph 194 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 194.

195. The allegations in paragraph 195 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 195.

## COUNT II – ENFORCED DISAPPEARANCE
## ALIEN TORT STATUTE, 28 U.S.C. § 1350

196. MVM realleges and reincorporates its responses to the preceding paragraphs.

197. The allegations in paragraph 197 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 197.

198. The allegations in paragraph 198 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 198.

199. The allegations in paragraph 199 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 199.

/ / /

/ / /

25

200. The allegations in paragraph 200 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 200.

201. The allegations in paragraph 201 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 201.

202. The allegations in paragraph 202 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 202.

## COUNT III – TORTURE

### ALIEN TORT STATUTE, 28 U.S.C. § 1350

203. MVM realleges and reincorporates its responses to the preceding paragraphs.

204. The allegations in paragraph 204 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 204.

205. The allegations in paragraph 205 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 205.

206. The allegations in paragraph 206 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 206.

207. The allegations in paragraph 207 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 207.

/ / /

/ / /

26

208. The allegations in paragraph 208 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 208.

209. The allegations in paragraph 209 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 209.

210. The allegations in paragraph 210 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 210.

211. The allegations in paragraph 211 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 211.

212. The allegations in paragraph 212 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 212.

213. The allegations in paragraph 213 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 213.

**COUNT IV – CRUEL, INHUMAN, OR DEGRADING TREATMENT ALIEN TORT STATUTE, 28 U.S.C. § 1350**

214. MVM realleges and reincorporates its responses to the preceding paragraphs.

215. The allegations in paragraph 215 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 215.

/ / /

/ / /

27

216. The allegations in paragraph 216 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 216.

217. The allegations in paragraph 217 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 217.

218. The allegations in paragraph 218 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 218.

219. The allegations in paragraph 219 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 219.

## COUNT V – CIVIL RIGHTS CONSPIRACY
## 42 U.S.C. § 1985

220. MVM realleges and reincorporates its responses to the preceding paragraphs.

221. This cause of action has been dismissed pursuant to the Court's March 3, 2025 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Dkt. 54), therefore no response is required. To the extent a response is required, MVM denies the allegations in paragraph 221.

222. This cause of action has been dismissed pursuant to the Court's March 3, 2025 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Dkt. 54), therefore no response is required. To the extent a response is required, MVM denies the allegations in paragraph 222.

223. This cause of action has been dismissed pursuant to the Court's March 3, 2025 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Dkt.

54), therefore no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 223.

224.   This cause of action has been dismissed pursuant to the Court's March 3, 2025 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Dkt. 54), therefore no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 224.

## COUNT VI – FAILURE TO PREVENT CIVIL RIGHTS CONSPIRACY
## 42 U.S.C. § 1986

225.  MVM realleges and reincorporates its responses to the preceding paragraphs.

226.   This cause of action has been dismissed pursuant to the Court's March 3, 2025 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Dkt. 54), therefore no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 226.

227.   This cause of action has been dismissed pursuant to the Court's March 3, 2025 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Dkt. 54), therefore no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 227.

228.   This cause of action has been dismissed pursuant to the Court's March 3, 2025 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Dkt. 54), therefore no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 228.

229.   This cause of action has been dismissed pursuant to the Court's March 3, 2025 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Dkt. 54), therefore no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 229.

/ / /

29

## COUNT VII – CHILD ABDUCTION AND INTERFERENCE WITH PARENT-CHILD RELATIONS
### CAL. CIV. CODE § 49(A) AND COMMON LAW

230. MVM realleges and reincorporates its responses to the preceding paragraphs.

231. The allegations in paragraph 231 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 231.

232. The allegations in paragraph 232 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 232.

233. The allegations in paragraph 233 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 233.

234. The allegations in paragraph 234 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 234.

235. The allegations in paragraph 235 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 235.

236. The allegations in paragraph 236 are legal arguments, not factual allegations, to which no response is required. To the extent a response is required, MVM denies the allegations in paragraph 236.

## COUNT VIII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

237. MVM realleges and reincorporates its responses to the preceding paragraphs.

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:24-cv-01265-DMS-AHG
4916-2414-7246.v2

238.   This cause of action has been dismissed pursuant to the Court's March 3, 2025 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Dkt. 54), therefore no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 238.

239.   This cause of action has been dismissed pursuant to the Court's March 3, 2025 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Dkt. 54), therefore no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 239.

240.   This cause of action has been dismissed pursuant to the Court's March 3, 2025 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Dkt. 54), therefore no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 240.

241.   This cause of action has been dismissed pursuant to the Court's March 3, 2025 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Dkt. 54), therefore no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 241.

242.   This cause of action has been dismissed pursuant to the Court's March 3, 2025 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (Dkt. 54), therefore no response is required.  To the extent a response is required, MVM denies the allegations in paragraph 242.

## PRAYER FOR RELIEF

243.   MVM denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.  MVM further contends that Plaintiffs are not entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become

31

known during discovery or otherwise, MVM asserts the separate and additional defenses set forth below.  All allegations of the Complaint not heretofore admitted or denied are here and now denied as though specifically denied herein.

## FIRST AFFIRMATIVE DEFENSE

### (Derivative Sovereign Immunity)

The Complaint, and each purported cause of action alleged therein, fails to state a claim for relief because MVM is immune from liability pursuant to the doctrine of Derivative Sovereign Immunity.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

The Complaint, and each purported cause of action alleged therein, is barred because Plaintiffs lack standing to state the claims alleged in the Complaint and/or to assert the legal rights or interests of others.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each purported cause of action alleged therein, is barred in whole or in party by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

### (Non-Certifiable Class)

The Complaint, and each purported cause of action alleged therein, does not state facts sufficient to certify a class.  Therefore, this action is not properly brought as a class action.

## FIFTH AFFIRMATIVE DEFENSE

### (Inadequacy of Class Representative)

Plaintiffs are not proper representatives of the class they purport to represent and, accordingly, this action is not properly brought as a class action.

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:24-cv-01265-DMS-AHG
4916-2414-7246.v2

## SIXTH AFFIRMATIVE DEFENSE

### (Putative Members Not Similarly Situated)

Plaintiffs cannot maintain a representative or class action because the putative plaintiffs are not similarly situated.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs' claims are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs relinquished and waived any right to any of the claims upon which Plaintiffs now seek relief.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against MVM.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Join an Indispensable Party)

The Complaint, and each purported cause of action alleged therein, should be dismissed for failure to join an indispensable party.

## TWELFTH AFFIRMATIVE DEFENSE

### (Mitigation)

The Complaint, and each purported cause of action alleged therein, should be dismissed because Plaintiffs failed to mitigate damages.

33

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Damages Attributable to Third-Party)

The Complaint, and each purported cause of action alleged therein, should be dismissed because any damages are not attributable to MVM.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

The Complaint, and each purported cause of action alleged therein, should be dismissed because MVM at all relevant times acted in good faith reliance upon a reasonable interpretation of applicable law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

Plaintiffs' claims and requested relief are barred to the extent they are moot.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiffs' requests for equitable relief are barred because an adequate remedy at law exists.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Causation / Intervening Conduct)

The damages alleged by Plaintiffs, if any, were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by MVM. Nor are the damages alleged by Plaintiffs, if any, caused in fact by MVM. Each purported cause of action asserted against MVM is barred because the harm Plaintiffs allegedly suffered, if any, was caused by superseding and intervening causes including factors, persons, or entities other than MVM.

/ / /

/ / /

/ / /

34

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Violation of Due Process)

Plaintiffs' requested relief would violate both the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Eighth Amendment to the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs are barred from relief, in whole or in part, to the extent it results in an unjust enrichment to Plaintiffs and/or any person on whose behalf relief is sought.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Preempted by Federal Law)

Plaintiffs' claims and requested relief are preempted by federal law under the doctrine of preemption pursuant to Article VI, Clause 2 of the United States Constitution.

## RESERVATION OF RIGHTS

MVM reserves the right to amend this Answer to assert additional defenses and/or supplement, alter, or change this Answer as may be warranted by the revelation of information during discovery and investigation.

## PRAYER

WHEREFORE, MVM prays as follows:

1.    That Plaintiffs and members of the purported class and subclasses take nothing by way of the Complaint;

2.    That Plaintiffs' Complaint and each purported claim for relief alleged therein be dismissed with prejudice;

3.    That MVM be awarded its costs of suit, including reasonable attorney's fees, to the extent permitted by law; and

/ / /

4.    For such other and further relief as the Court may deem just and proper.

Dated: April 10, 2025                    PILLSBURY WINTHROP SHAW PITTMAN LLP


By:  /s/ Paul J. Fraidenburgh
Paul J. Fraidenburgh (280354)
Michelle A. Herrera (209842)
J. Ryan Stasell (307431)
Alexander P. Carroll (339890)
11682 El Camino Real, Suite 200
San Diego, CA 92130
Telephone:  858-509-4000
Facsimile: 858-509-4010
paul.fraidenburgh@pillsburylaw.com
michelle.herrera@pillsburylaw.com
ryan.stasell@pillsburylaw.com
alexander.carroll@pillsburylaw.com

Thomas C. Hill (DC 242974)
(*Admitted Pro Hac Vice*)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC  20036
Telephone:  202-663-8000
Facsimile:  202-663-8007
thomas.hill@pillsburylaw.com

Attorneys for Defendant MVM, Inc.

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:24-cv-01265-DMS-AHG
4916-2414-7246.v2