UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PADRE and JUNIOR, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>MVM, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:24-cv-01265-DMS-AHG<br><br>**TENTATIVE ORDER REGARDING PLAINTIFFS' EX PARTE MOTION TO COMPEL**<br><br>**[ECF No. 70]** |

　　　Before the Court is Plaintiffs Padre[1] and Junior's (collectively, "Plaintiffs") *Ex Parte*[2] Motion to Compel. ECF No. 70. Defendant MVM, Inc. ("Defendant") and the government oppose Plaintiffs' motion. ECF Nos. 73, 74. Upon due consideration of the papers submitted, the Court **TENTATIVELY GRANTS** the Motion. The Court **SETS** an

---

[1] Padre and Junior are aliases. *See* ECF No. 41 (order granting Plaintiffs' motion to proceed under pseudonyms).

[2] Though the Court generally requires joint motions (*see* Chmb.R. at 2), the Court excused the parties from this requirement regarding the instant dispute. Email from Chambers (June 13, 2025, at 10:24 AM).

*in-person* hearing on the Motion to Compel for **July 31, 2025** at **1:30 p.m.** before the Honorable Allison H. Goddard in Courtroom 2C[3] of the Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, California 92101.

Based on the Court's review of the other objections in Defendant's discovery responses, the Court **SETS** an informal Discovery Conference for **July 28, 2025** at **9:30 a.m.** before the Honorable Allison H. Goddard *via videoconference* to address these objections.[4] Lead counsel for the parties must attend the videoconference, as well as any attorney who has been involved in meet and confer efforts. The Court incorporates the videoconference procedures set forth in its previous orders. *See* ECF No. 34 at ¶¶ E–F.

I.   **BACKGROUND**

Plaintiffs filed this action on July 23, 2024, on behalf of themselves and a class of similarly situated people, alleging that Defendant violated Plaintiffs' constitutional rights and various laws by providing services under a contract with the Department of Homeland Security ("DHS") to facilitate transportation of unaccompanied alien children held in U.S.

---

[3] Any change in courtroom with be communicated with the parties in advance of the hearing.

[4] To facilitate the Discovery Conference, the Court orders the parties to **email** (**not file**) a Joint Discovery Chart to the Court by **July 24, 2025**. This Joint Discovery Chart shall be one document containing a table in the following format:

| Discovery request number (and set, if applicable) | Exact language of Plaintiff's discovery request as served. | Exact language of Defendant's response as served. | [leave blank] |
|---|---|---|---|
| | | | [leave blank] |

No argument should be made beyond the exact language of the requests and responses. The parties shall email the chart (to efile_goddard@casd.uscourts.gov) as a **Word Document**. In the same email as the Joint Chart, the parties must include a list of the names and email addresses of all discovery conference attendees. Court staff will thereafter send the Zoom invitation to all attendees.

Immigrations and Customs Enforcement ("ICE") custody as part of the family separation policy in place during the first Trump Administration. ECF No. 1. After the district judge ruled on Defendant's Motion to Dismiss, the Court scheduled a Case Management Conference ("CMC"). ECF No. 57 at 2. In the Joint Case Management Statement submitted in advance of the CMC, the parties represented to the Court that they met and conferred pursuant to Rule 26(f), reviewed the items of the Court's Rule 26 Checklist, and exchanged initial disclosures. ECF No. 60 at 2, 9–10.

At the CMC on April 11, 2025, the parties did not raise any anticipated discovery disputes. The Court issued a Scheduling Order setting deadlines of August 6, 2025, for completion of class discovery, and September 10, 2025, for filing Plaintiffs' class certification motion. ECF No. 63 at 2. As discussed during the CMC, the parties filed their stipulated Protective Order and ESI Protocol on April 25, 2025, and June 4, 2025, respectively. ECF Nos. 65, 67; *see* ECF Nos. 66, 68.

On May 7, 2025, Plaintiffs served their first set of discovery requests on Defendant, which appears to have included both requests for production and interrogatories. ECF No. 70-2 at 2, 5; *see* ECF No. 73-1 at 6–25. The parties negotiated an extension for Defendant's responses conditioned upon Defendant producing its "organizational charts and contracts … by the original deadline." ECF No. 70-2 at 2. When Defendant produced the contracts on June 6, 2025, Defendant's counsel informed Plaintiffs for the first time of its position that it cannot produce any information regarding its work under its contract with the government in this litigation. *Id*. at 3–4. Defendant explained that the categories of documents sought "directly implicate" the confidentiality restrictions in their contract with DHS. *Id*. at 3. Defendant made no mention of any obligation to comply with *Touhy* regulations.

The same day, on June 6, 2025, Defendant's counsel emailed the government's contracting officer regarding Plaintiffs' discovery requests. ECF No. 73-1 at 2; ECF No. 73-1 at 27 (email to government contracting officer Ian Somppi, noting that, "[a]s the categories of documents that MVM has been asked to produce in this case directly

implicate these contractual confidentiality obligations, MVM would like to determine whether the government intends to assert its contractual rights with respect to MVM's confidentiality obligations under the UAC Contracts or to permit MVM to make the requested productions."). Defendant spoke with the government's counsel and sent Plaintiffs' requests for production to the government on June 17, 2025. ECF No. 73-1 at 2–3. During this conversation, the government "explicitly informed MVM that it will not permit the production of the documents plaintiffs seek." ECF No. 73 at 5. Defendant told Plaintiffs on June 18, 2025, "that MVM had been advised that the government 'will not waive their rights or permit the requested production in this case' and that MVM's forthcoming 'objections and responses [] will include language to that effect.'" ECF No. 70-2 at 4.

Defendant responded to Plaintiffs' discovery requests largely by objecting to them. *See, e.g.*, ECF No. 70-3 at 9. Defendant's discovery responses do not mention any alleged failure to comply with *Touhy* regulations. The instant motion to compel is focused, at the Court's direction, on Defendant's objections based on the confidentiality clause in its contract with the government.[5] Plaintiffs filed the instant motion on June 27, 2025. ECF No. 70. Defendant filed its opposition on July 1, 2025, (ECF No. 73), and the government filed its opposition on July 8, 2025, (ECF No. 74).

## II.     PARTIES' POSITIONS

Plaintiffs seek an order compelling Defendant to provide substantive responses to their discovery requests. ECF No. 70. Plaintiffs' motion focuses on case law holding that contractual confidentiality clauses do not preclude an exchange of information in discovery because they can be addressed through appropriate protective orders. Plaintiffs do not address Defendant and the government's arguments regarding the need to comply with *Touhy* regulations because it appears to the Court that neither Defendant nor the

---

[5] The Court will set a separate informal discovery conference to address Defendant's other objections. *See supra* at 2, 2 n.4.

government ever raised that issue with Plaintiffs before Defendant's opposition to this motion.

Defendant opposes Plaintiffs' request. ECF No. 73. Defendant argues that "substantially all of plaintiffs' discovery requests seek ICE's information and ICE's documents." *Id*. at 8. As such, Defendant argues that "as a contractor acting on behalf of the federal government, MVM's potential disclosure of information pertaining to UACs or ICE operations, would not only materially breach its contract with ICE, but would also violate DHS' internal *Touhy* regulations regarding disclosure of agency information." *Id*. Defendant contends that it is "prohibited from complying with plaintiffs' requests unless and until plaintiffs comply with DHS' *Touhy* regulations in submitting their request to ICE, and ICE authorizes MVM's disclosure to plaintiffs." *Id*. Defendant claims that Plaintiffs' failure to comply with this threshold issue requires the Court to deny the motion. *Id*. at 11.

The government also opposes Plaintiffs' request. ECF No. 74. The government argues that Plaintiffs' motion should be denied because Plaintiffs "made no attempt to comply with the *Touhy* process." *Id*. at 2. The government contends that "[f]ailure to engage in the *Touhy* process renders a discovery request unenforceable." *Id*. at 3.

### III. THE GOVERNMENT HAS RECEIVED ALL THE NOTICE REQUIRED UNDER THE *TOUHY* REGULATIONS REGARDING PLAINTIFFS' DISCOVERY REQUESTS

The Federal Housekeeping Statute, 8 U.S.C. § 301, authorizes federal agencies to issue regulations governing agency information. A 1958 amendment to the statute, however, limits this authorization by clarifying that the statute "does not authorize withholding information from the public or limiting the availability of records to the public." 8 U.S.C. § 301. This amendment "was the product of congressional concern that agencies were invoking § 301 as a source of authority to withhold information from the public." *Chrysler Corp. v. Brown*, 441 U.S. 281, 310 (1979).

Regulations that are promulgated pursuant to § 301 are often referred to as "*Touhy*" regulations following the Supreme Court's decision in *United States ex rel. Touhy v.*

*Ragen*, 340 U.S. 462 (1951). DHS has promulgated *Touhy* regulations at 6 C.F.R. §§ 5.41–5.49. Section 5.41(a) specifies that these regulations set forth the procedures that should be followed with respect to demands directed to DHS "or to any Department employee or former employee in connection with federal or state litigation arising out of or involving the performance of official activities of the Department." Section 5.41(b) includes "contractors" within the definition of "employee" for the purpose of the regulations. Section 5.43(a) states that only the Office of General Counsel is authorized to accept service of "demands or requests to the Secretary[] … or its employees," for information that "any Department employee acquired in the course and scope of the performance of his official duties." If a demand for information is served upon an "employee" instead of the Office of General Counsel, however, sections 5.43(b) and (c) require the employee to "immediately forward a copy" of the demand to the Office of General Counsel. Section 5.44 prohibits an employee from producing any information in response to the demand without the authorization of the Office of General Counsel. With respect to the contents of the demand, section 5.45(a) states that it should "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought," but does not otherwise require any specific format for the demand.

Under these regulations, as a DHS contractor, Defendant bears as much responsibility as Plaintiffs to provide Plaintiffs' discovery requests to DHS. *See* 6 C.F.R. § 5.43(b), (c). Defendants fulfilled this obligation on June 17, 2025, when they provided the requests to counsel for the government. ECF No. 73-1 at 2. The government's contention that Plaintiffs have not complied with the regulations rings hollow. Not only has the government received the requests; it has told Defendant "explicitly" that it will not allow production of information in response to the requests. ECF No. 73 at 5. A reasonable reading of Plaintiffs' discovery requests makes clear that Plaintiffs are seeking information related to the contractual relationship between Defendant and DHS. ECF No. 73-1 at 6–22; ECF No. 70-2 at 5.  It is difficult to understand how Plaintiffs could be more specific in their requests, given that they are outside this contractual relationship.

For these reasons, the Court tentatively finds that the requirements of the *Touhy* regulations have been met.

## IV. THE GOVERNMENT'S OBJECTIONS TO PRODUCTION CAN BE ADDRESSED THROUGH A PROTECTIVE ORDER

Defendant contends that since the government has refused to allow production of information, Plaintiffs' only recourse is to file a separate action under the Administrative Procedures Act ("APA") against the government. ECF No. 73 at 13 ("If the government continues with the position it has represented to MVM's counsel (i.e., that it will not consent to the production of the documents plaintiffs seek from MVM), plaintiffs must pursue review of that final agency decision through a separate APA claim against the government, before production can be compelled."). This misstates the law. In *Exxon Shipping Co. v. Dep't of Interior*, 34 F.3d 774 (9th Cir. 1994), the Ninth Circuit held that courts should assess a government agency's refusal to submit to discovery based on *Touhy* regulations according to the Federal Rules of Civil Procedure, rather than through a separate APA action. 34 F.3d at 779 ("The Federal Rules of Civil Procedure explicitly provide for limitations on discovery in cases such as this … [and] give ample discretion to district courts to quash or modify subpoenas causing 'undue burden'."). The Ninth Circuit's express guidance is that "district courts should apply the federal rules of discovery when deciding on discovery request made against government agencies, whether or not the United States is a party to the underlying action." *Id.* at 780.

Adhering to this precedent, the Court will assess Defendant and the government's confidentiality objections under the Federal Rules of Civil Procedure. Where a party objects to production on the grounds that the discovery requests seek information that is confidential or proprietary, a court can fashion a protective order under Fed. R. Civ. P. 26(c) to address those concerns. This is true even for production of personal information regarding the immigration files of putative class members. *Rodriguez v. Robbins*, No. CV-07-3239-TJH-RNBx, 2012 WL 12953870, at *2–*4 (C.D. Cal. May 3, 2012). Indeed, in a related case focused on the Trump Administration's family separation policy, *Ms. L v. ICE*,

No. 18-cv-428-DMS-AHG (S.D. Cal.), the government entered a protective order with the plaintiffs. The class certified in *Ms. L* overlaps significantly with the proposed class in this action. It is the Court's understanding that the government entered into the protective order in *Ms. L* voluntarily, through a stipulation submitted to the Court (*see Ms. L*, ECF No. 90), and that discovery proceeded in *Ms. L*, including the exchange of confidential information about class members, pursuant to the protective order. The Court sees no reason why a similar procedure could not be employed in this action.

The parties have already entered a stipulated protective order in this case. ECF No. 66. If the parties contend that this protective order should be modified to allow production in light of this tentative order, they should address that issue in the supplemental briefing to be submitted before the hearing on this motion.

For these reasons, the Court tentatively finds that any concerns regarding the confidentiality of information to be produced in response to Plaintiffs' discovery requests can be addressed through a protective order.

## V.     CONCLUSION

As set forth above, Plaintiffs' *ex parte* Motion to Compel is **TENTATIVELY GRANTED**. ECF No. 70. The Court **ORDERS** as follows:

1. The parties and the government may file supplemental briefs in support or in opposition to this tentative order no later than **July 25, 2025**. Supplemental briefs are limited to ten (10) pages.

2. The Court will hold an *in-person* hearing on the motion on **July 31, 2025** at **1:30 p.m.** before the Honorable Allison H. Goddard in Courtroom 2C of the Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, California 92101.

3. The deadlines for complete of class certification discovery and filing the motion for class certification are **VACATED**. *See* ECF No. 63. The Court expects to reset these dates at the July 31, 2025, hearing.

//
//

4. Defendant must serve a copy of this Order on counsel for the government, and must file a Proof of Service in this action, no later than **July 18, 2025**.

**IT IS SO ORDERED.**

Dated: July 17, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge