# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PADRE (alias) and JUNIOR (alias), on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MVM, Inc.,<br><br>Defendant. | Case No.: 24cv1265 DMS (AHG)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT** |

This case comes before the Court on Plaintiffs' motion for leave to file a First Amended Class Action Complaint ("FAC"). Defendant filed an opposition to the motion, Plaintiffs filed a reply, and at the Court's request, Defendant filed a surreply. For the reasons discussed below, the motion is granted.

## I.
## BACKGROUND

The full factual background of this case is set out in the Court's March 3, 2025 Order on Defendant's motion to dismiss. As it relates to the present motion, the following facts are most relevant:

On July 23, 2024, Plaintiffs Padre and Junior filed a Class Action Complaint against Defendant alleging claims for violation of safe conduct, enforced disappearance,

torture, and cruel, inhuman, or degrading treatment under the Alien Tort Statute, civil rights conspiracy under 42 U.S.C. § 1985, failure to prevent civil rights conspiracy under 42 U.S.C. § 1986, child abduction/interference with parent-child relations under California Civil Code § 49(a), and intentional infliction of emotional distress. On November 12, 2024, Defendant filed a motion to dismiss arguing, among other things, that Plaintiffs' civil rights conspiracy, failure to prevent civil rights conspiracy, and state law claims were time-barred. Plaintiffs disputed that argument, and asserted that even if the claims were time-barred, they should be subject to equitable tolling. Plaintiffs' counsel also addressed the issue of equitable tolling at oral argument. Specifically, counsel requested leave to amend if the Court decided the Complaint failed to allege sufficient facts to support that issue and leave to amend to add different plaintiffs if the Court found the named Plaintiffs' claims were time-barred. (Mot. Hr'g Tr. at 46, ECF No. 53.) On the latter request the Court asked counsel if they had different plaintiffs in mind, and counsel stated they had "talked to numerous plaintiffs. I think we would have to do follow-up to determine who we could add. But we believe we would be able to add a plaintiff who is - - who was 20 years or younger at the time of filing." (*Id.*) The Court then asked whether counsel would still request leave to add different plaintiffs if equitable tolling applied, and counsel reiterated their position that equitable tolling would apply but also stated they "might want to" add different plaintiffs anyway. (*Id.* at 46-47.) On March 3, 2025, the Court granted in part and denied in part Defendant's motion to dismiss. On the issue of whether Plaintiffs' claims were time-barred, the Court found the § 1985, § 1986, and intentional infliction of emotional distress claims were time-barred and Plaintiffs failed to allege any facts to support equitable tolling. Those claims were therefore dismissed, but the Court gave Plaintiffs until March 14, 2025, to file an amended complaint that cured the pleading deficiencies on equitable tolling.

      The March 14 deadline came and went with no action on Plaintiffs' part. Thereafter, Defendant filed its Answer to the Complaint and the parties attended a Case Management Conference ("CMC") with Magistrate Judge Goddard. Following the CMC,

the Court issued a Scheduling Order for the case, including a July 9, 2025 deadline for the parties to file a motion to join other parties, amend the pleadings, or file additional pleadings. (Scheduling Order Setting Discovery Deadlines and Class Certification Motion Deadline, ECF No. 63.) In that Order, Magistrate Judge Goddard stated, "As discussed during the [CMC], Plaintiffs shall not construe this deadline as a reopening of the Court's already passed March 14, 2025 deadline to file a First Amended Complaint that cures the pleading deficiencies concerning equitable tolling." (*Id.* at 1.)

On July 9, 2025, Plaintiffs filed the present motion. As indicated in the Court's November 5, 2025 Order requesting a sur-reply, Plaintiffs' motion is a bare-bones request that the Court simply file Plaintiffs' proposed FAC. There is no identification, much less application, of the controlling legal standard to the facts of this case. The proposed FAC does not allege any additional facts on equitable tolling. Instead, Plaintiffs added different plaintiffs on the § 1985, § 1986, and intentional infliction of emotional distress claims. They also added an entirely new claim for interference with constitutional rights under California Civil Code § 52.1 on behalf of the newly added plaintiffs.

## II.

## DISCUSSION

Before turning to the merits of Plaintiffs' motion, the Court first addresses Defendant's argument that Plaintiffs' motion should be denied on procedural grounds. In support of this argument, Defendant relies on Federal Rule of Civil Procedure 7(b)(1)(B), which states a motion must "state with particularity the grounds for seeking" the court order. Fed. R. Civ. P. 7(b)(1)(B). Here, the only grounds Plaintiffs cite in support of their motion are the Scheduling Order and Civil Local Rule 15.1. The Scheduling Order sets a deadline for the filing of motions to amend, and Civil Local Rule 15.1 concerns the filing of amended pleadings. Neither sets out the substantive standard for motions for leave to amend, and there is no discussion or application of the facts of this case to that standard. Arguably, the motion does not satisfy Federal Rule of Civil Procedure 7(b)(1)(B).

Defendant also argues Plaintiffs failed to comply with Civil Local Rule 7.1(f)(1). This Rule requires the filing of a memorandum of points and authorities with the filing of a motion. There is no dispute Plaintiffs did not comply with this Rule.

Clearly, parties are required to comply with the Federal Rules of Civil Procedure and the Civil Local Rules when practicing in this Court, and Plaintiffs clearly did not comply with the Rules in filing the present motion. In this case, however, the Court declines to deny the motion based on those failures.

Next, Defendant argues Plaintiffs are attempting to resurrect claims that have already been dismissed, specifically, their claims under § 1985, § 1986, and for intentional infliction of emotional distress. Plaintiffs do not dispute that those claims have been dismissed, but they assert they were dismissed as to Padre and Junior only, not as to any new or different Plaintiffs. The Court agrees with the parties that Padre's and Junior's claims under § 1985, § 1986, and for intentional infliction of emotional distress were dismissed as a result of the Court's order and Plaintiffs' failure to amend the Complaint to include facts supporting equitable tolling of those claims. Accordingly, the Court rejects Defendant's argument that Plaintiffs are attempting to resurrect claims that have already been dismissed.

Having addressed these preliminary arguments, the Court turns to the substance of Plaintiffs' motion, which is governed by Federal Rule of Civil Procedure 15.[1] This Rule provides that leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In accordance with this Rule, the Supreme Court has stated,

> in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

[1] In its sur-reply, Defendant raises a new argument, namely, that Plaintiffs' motion was not effectively filed until they submitted their reply brief, therefore the motion was untimely and should be governed by Federal Rule of Civil Procedure 16(b). Although Plaintiffs' "motion" was highly irregular, the Court still construes it as a motion, which was filed by the court-ordered deadline. The Court therefore declines to apply the Rule 16(b) standard here.

> deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, the Ninth Circuit has stated "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing the amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

Here, the parties address four of the *Foman* factors: undue delay, bad faith, prejudice, and futility of amendment. On undue delay, Plaintiffs argue they did not unduly delay in filing their motion because the motion was filed by the court-ordered deadline. However, as Defendant points out,

> we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. Rather, in evaluating undue delay, we also inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'

*AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). In this case, Plaintiffs' counsel knew on November 12, 2024, the date Defendant filed its motion, there was a possibility they would have to find different plaintiffs for the § 1985, § 1986, and intentional infliction of emotional distress claims. That possibility grew at oral argument on the motion, when counsel, under questioning by the Court, stated they had already talked to numerous other potential plaintiffs, but would need to follow up to decide who they would choose to add, if anyone. When the Court issued its order on March 3, 2025, Plaintiffs knew conclusively they would have to either amend the complaint to allege

facts supporting equitable tolling or find new plaintiffs for the dismissed claims. By at least March 14, 2025, the deadline to amend the equitable tolling allegations, counsel knew they were going to seek leave to amend to add new plaintiffs. Nevertheless, they did not file the present motion until July 9, 2025.

Although the Court cannot say the four-month delay between the expiration of the deadline to add equitable tolling allegations and the filing of the present motion was necessarily undue, the broader context supports a finding of undue delay. Plaintiffs' counsel knew in November 2024 there was a risk Padre's and Junior's claims were untimely. They also knew there was a "big class" of other potential plaintiffs for these claims. (Hr'g Tr. at 47.) Although counsel had apparently started talking with some of these potential plaintiffs prior to the December 2024 hearing, (*id.* at 46), there is no evidence they promptly followed up with those individuals. Indeed, there is no evidence of counsel's efforts on this front. Given the record presently before the Court, counsel's undue delay weighs against granting leave to amend.

On the bad faith factor, Defendant argues Plaintiffs have engaged in bad faith by seeking leave to file an amended complaint that includes claims that have already been dismissed. For the reasons set out above, the Court disagrees with Defendant's interpretation of Plaintiffs' proposed amendment and its argument that Plaintiffs have engaged in bad faith. Thus, this factor weighs in favor of granting leave to amend.

Turning to prejudice, Defendant argues it will be severely prejudiced if Plaintiffs are allowed to proceed with their proposed amendments. Specifically, Defendant asserts resolution of the case will be delayed by months or years, which will "unnecessarily increase [Defendant's] legal expenses." (Opp'n at 10, ECF No. 92.) Defendant also contends that allowing Plaintiffs to add new class representatives at this stage of the case will require Defendant to "dramatically change its litigation strategy and its approach to discovery." (*Id.*) Plaintiffs do not dispute their proposed amendments will delay the ultimate resolution of this case, but they assert that delay alone is insufficient to overcome the presumption in favor of leave to amend. Plaintiffs also argue Defendant is overstating

the effect Plaintiffs' proposed amendments would have on the case. They admit Defendant will have to conduct additional targeted discovery with respect to the proposed new plaintiffs, but the general, underlying facts of the case will remain the same.

Clearly, the addition of new plaintiffs at this stage of the case will cause some prejudice to Defendant. Defendant will have to conduct additional discovery as to the new plaintiffs, and that may delay the case. However, the addition of new plaintiffs will not change the underlying facts of this case or the fundamental nature of the claims. The policy at issue remains the same, as does Defendant's role in carrying out that policy. Under these circumstances, Defendant's assertion of prejudice is overblown. *See Woods v. Google LLC*, No. 11-cv-01263-EJD, 2018 WL 4030570, at *10 (N.D. Cal. Aug. 23, 2018) (rejecting "cries of prejudice" from the addition of a new plaintiff on the same claims and legal theories). Furthermore, given the parties' numerous discovery disputes, there is currently no cut-off date for class certification discovery, nor is there a deadline for Plaintiffs to file their motion for class certification. (*See* Scheduling Order.) Under these circumstances, Defendant has not shown the prejudice factor weighs against granting leave to amend.

Finally, Defendant argues Plaintiffs' proposed amendments are futile. Specifically, Defendant asserts the Court's dismissal of the civil rights conspiracy and intentional infliction of emotional distress claims operates as an adjudication on the merits in Defendant's favor, and Plaintiffs' proposed claim for interference with constitutional rights under California Civil Code § 52.1 is unlikely to survive a motion to dismiss. On the first argument, Plaintiffs respond that the Court's dismissal was as to Padre and Junior only and it has no effect on the proposed plaintiffs' ability to bring those claims. On the second argument, Plaintiffs contend that if Defendant believes the newly proposed claim is subject to dismissal, that issue can be raised in a subsequent motion to dismiss.

Given the record in this case, the Court disagrees with Defendant that dismissal of the civil rights conspiracy claims as to Padre and Junior operates as a dismissal of the same claims on behalf of the newly proposed plaintiffs. Notably, Defendant fails to cite

any authority to support this argument, and the Court has found none. Furthermore, at the hearing on Defendant's motion to dismiss it was clear Plaintiffs wanted leave to amend their claims in the event they were dismissed, either through the addition of allegations to support equitable tolling or through the selection of a new class representative. At no time during that hearing did Defendant argue a dismissal of the claims as to Padre and Junior would act as a bar to other plaintiffs asserting those same claims.

Defendant's final argument about the newly asserted claim also does not weigh in favor of a finding of futility. Although Defendant asserts the claim is "threadbare" and unsupported by the allegations in the proposed amended complaint, that assertion is conclusory and lacks any analysis of the elements of the claim or how the allegations fail to support it. Accordingly, this argument, too, does not weigh in favor of a finding of futility.

### III.

### CONCLUSION AND ORDER

Considering the *Foman* factors, the Court grants Plaintiffs' motion for leave to file their proposed FAC. Plaintiffs shall file the FAC on or before **December 8, 2025**.

**IT IS SO ORDERED**.

Dated: December 4, 2025

Hon. Dana M. Sabraw
United States District Judge