# EXHIBIT 1

Mary Sameera Van Houten Harper (D.C. Bar No. 1045137)*
Amanda Lee-DasGupta (D.C. Bar No. 1619712)*
Mandy Boltax (D.C. Bar No. 90013893)*
**Hausfeld LLP**
1200 17th Street NW, Suite 600
Washington, DC 20036
Tel.: (202) 540-7200
mvanhouten@hausfeld.com
alee@hausfeld.com
mboltax@hausfeld.com

*Admitted pro hac vice*

*Attorneys for Plaintiffs*
*(additional counsel on signature page)*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Padre (*alias*), Junior (*alias*), I.V.S. (*alias*) and A.V.L. (*alias*), by and through I.V.S. *on behalf of themselves and all others similarly situated*,<br><br>        *Plaintiffs*,<br>    v.<br><br>MVM, Inc.,<br><br>        *Defendant*. | Case No.: 3:24-cv-01265-DMS-AHG<br><br>**DECLARATION OF MARY S. VAN HOUTEN HARPER IN SUPPORT OF PLANTIFFS' SUPPLEMENTAL BRIEF FOR ATTORNEY FEES & LITIGATION EXPENSES FOR PLAINTIFFS' MOTION TO COMPEL [ECF NO. 70]**<br><br>Judge: Hon. Allison H. Goddard<br>Courtroom: 2C<br><br>Motion Filed: June 27, 2025 |

DECL. OF MARY S. VAN HOUTEN HARPER ISO SUPPL. BRIEF

CASE NO.: 3:24-cv-01265-DMS-AHG

I, Mary S. Van Houten Harper, declare:

1.    I have personal knowledge of the facts provided in this Declaration other than those facts identified as having been provided by others.

2.    I am a Partner at Hausfeld, and I represent Plaintiffs Padre, Junior, I.V.S., A.V.L., and the proposed class in the above captioned matter. I am admitted to practice before the courts listed in the document attached hereto as Exhibit A at 10. I have been admitted in this action *pro hac vice*. Dkt. No. 22.

3.    I submit this Declaration in support of Plaintiffs' Motion and Brief in Support of Motion for Attorney Fees and Litigation Costs ("Motion") and pursuant to this Court's February 20, 2026 Order Requiring Supplemental Briefing ("Order").

4.    I began working on this case prior to its filing on July 23, 2024. Along with my partner Katie Beran, I have overseen Hausfeld's representation of Plaintiffs and the proposed class throughout the entire period of the firm's retention. Accordingly, I am knowledgeable about the work performed by Hausfeld for Plaintiffs in this litigation, and I am familiar with the backgrounds of the case team. I have endeavored to ensure that my work, and the work of all Hausfeld attorneys and support staff, is performed efficiently and cost-effectively.

5.    A description of the Hausfeld firm's background and experience in the human rights practice area is attached hereto as Exhibit A at 1–8.  The background and qualifications of Hausfeld's attorneys and legal staff who are primarily responsible for this litigation—namely Katie Beran, Erika Inwald, Mandy Boltax, Angel Dorsey, and me—are further detailed in Exhibit A at 9-23.

6.    Furthermore, the information provided in this declaration is provided only in support of Plaintiffs' supplemental brief. Neither Plaintiffs nor their counsel waive any rights or privileges, including but not limited to attorney work product or attorney-client communications, by providing this information.

DECL. OF MARY S. VAN HOUTEN HARPER ISO SUPPLEMENTAL BRIEF

CASE NO.: 3:24-cv-01265-DMS-AHG

1

<u>Hausfeld's Specialized Expertise</u>

7.  Hausfeld is one of the foremost claimants' class action and complex litigation firms in the United States (and globally), particularly in the areas of human rights, environmental and product liability, antitrust, and technology and data breach. Since our inception, we have fought hard for victims of human rights violations, toxic exposures, and anticompetitive conduct to obtain justice for our clients and hold large corporations to account. *See, e.g.*, *Kashef v. BNP Paribas S.A.*, 1:16-CV-3228-AKH-JW, Dkt. No. 1004 (S.D.N.Y. Oct. 17, 2025) (in a class case, the jury found BNP Paribas liable for financially facilitating human rights abuses and awarded a total of $20.75 million to three bellwether plaintiffs in a historic trial); Judgment, *Nkala & Others v. Harmony Gold Mining Co. Ltd. & Others*, (44060/18) [2019] ZAGPJHC 260 (S. Afr. 26 July 2019) (the first successful class action in South African history, where Hausfeld represented South African mine workers who had been exposed to the toxic chemical silicosis).

8.  Our attorneys have extensive experience litigating complex cases in federal courts across the country, having been appointed to more than 125 leadership roles in major class actions. We have a proud history of succeeding in cases that others rejected because they seemed too challenging, expensive, or time-consuming. Our exceptional results have earned us recognition as one of the best U.S. plaintiffs' firms in several practice areas and have enabled us to recover billions of dollars in compensation for our clients.

9.  Hausfeld possesses unique experience and expertise related to human rights litigation. *See* Exhibit A. For decades, Hausfeld lawyers have pioneered the field of human rights litigation, representing victims of genocide, terrorism, trafficking, torture, censorship, systemic racism, and plundered art works and assets.

---

10.    For example, in October 2025, Hausfeld secured a first-of-its kind jury verdict of $20.75 million for three representative plaintiffs in *Kashef v. BNP Paribas*. Hausfeld represents a certified class of Sudanese refugees and asylees who allege that BNP Paribas enabled the Sudanese government's campaign of genocide by deliberately violating U.S. sanctions and providing the regime with access to billions of U.S. dollars. Hausfeld attorneys were critical in successfully fighting BNP Paribas's attempts to dismiss or relocate the case, defeating defendant's motion for summary judgment, certifying the class, and achieving favorable *Daubert* rulings. In the fall of 2025, the plaintiffs took BNPP Paribas to a five-week trial with three bellwether plaintiffs. The Manhattan federal jury found BNP Paribas liable and awarded millions of dollars in damages to each bellwether plaintiff, marking one of the first civil verdicts holding a global bank accountable for financially facilitating human rights abuses. This precedent paves the way for additional recovery by 23,000 class members. The case is now proceeding on appeal, with the core findings of liability firmly established.

11.   As another example, in the fall of 2019, Hausfeld filed a groundbreaking legal complaint before the United Nations Committee on the Rights of the Child ("the Committee") on behalf of sixteen young people from around the world, including Swedish student climate activist Greta Thunberg. Hausfeld developed a legal argument that the five respondent states—Argentina, Brazil, France, Germany, and Turkey—owed obligations to children inside and outside their borders to prevent the devastating consequences of greenhouse gases. The petitioners did not seek compensatory damages but rather asked the Committee to find that climate change is a children's rights crisis, and that the respondent states have caused and are perpetuating the crisis by disregarding available scientific evidence on prevention and mitigation. Although the Committee initially rejected the petitions on procedural grounds for failure to exhaust domestic remedies, the Committee ultimately adopted General Comment No. 26 on

DECL. OF MARY S. VAN HOUTEN                    CASE NO.: 3:24-cv-01265-DMS-AHG
HARPER ISO SUPPLEMENTAL BRIEF

3

Children's Rights and the Environment with a Special Focus on Climate Change in 2023, which calls upon domestic courts to exercise jurisdiction to hold all State and non-State actors accountable, through binding and enforceable judgments, for their acts and omissions in violation of children's rights.

12. Through the firm's human rights work, our attorneys have developed significant expertise securing remedies for victims of unprecedented harm. And with over 170 lawyers and 11 offices worldwide, we wield significant resources to contribute to this high-stakes and time-intensive litigation against heavily resourced corporate defendants.

<u>Motion to Compel Proceedings</u>

13. Defendant MVM raised a confidentiality clause in their contract with ICE for the first time on June 6, 2025, the original deadline for their discovery responses. *See* Van Houten Decl. ISO MTC, Dkt. No. 70-2 at ¶¶ 5, 13. MVM claimed that this clause precluded it from producing broad swaths of responsive discovery. *See id.* at ¶¶ 12–13. The parties raised the issue with the Court, and the Court instructed Plaintiffs to file an *ex parte* motion to compel, specific to the confidentiality clause issue. *Id.* at ¶¶ 16-17, 20.

14. Hausfeld associate Mandy Boltax researched and prepared the first draft of the motion to compel. I revised the motion and, along with our paralegal Angel Dorsey and associate Erika Inwald, finalized and filed it on June 27, 2025. *See* MTC, Dkt. No. 70-1.

15. On July 1, 2025, MVM responded to the motion, and raised, for the first time, the suggestion that discovery would violate DHS's *Touhy* regulations and that Plaintiffs must file a separate action under the Administrative Procedures Act. *See* Opp to MTC, Dkt. No. 73. The Court tentatively granted Plaintiffs' motion to compel on July 17, 2025, ordering supplemental briefs by July 25, 2025, and an in-person hearing on July 31, 2025. Tentative Order on MTC, Dkt. No. 76 at 8.

---

DECL. OF MARY S. VAN HOUTEN                    CASE NO.: 3:24-cv-01265-DMS-AHG
HARPER ISO SUPPLEMENTAL BRIEF

16. In the days that followed, our team worked intensively. Attorneys devoted hours to strategizing our legal arguments, conducting supporting legal research, drafting the brief, and refining it. Paralegal Angel Dorsey supported the drafting effort. Mandy and I traveled to San Diego on July 29, 2025, to prepare, attended the hearing on July 31, 2025, and returned home on August 1, 2025.

17. On February 25, 2026, MVM offered to pay Plaintiffs up to $20,000 for any fees and costs incurred in briefing and arguing the motion to compel. On February 27, 2026, Plaintiffs countered that they would accept $100,000 as a compromise, representing approximately a 33% discount on total fees and costs incurred. As of the time of this filing, MVM has not responded.

### Reasonable Rates

18. Hausfeld is a national law firm, and our fees have been consistently approved by courts across the nation. In the past year alone, our fees have been approved in numerous complex cases. The following are just some examples: Order, *In re: Broiler Chicken Grower Antitrust Litig. (No. II)*, No. 6:20-MD-02977-RJS-CMR (E.D. Okla Jan. 7, 2025), Dkt. No. 634 (approving Hausfeld LLP's rates); Order, *In re: California Gasoline Spot Mktg. Antitrust Litig.*, No. 3:20cv-03131-JSC (N.D. Cal. Mar. 14, 2025), Dkt. No. 631 (same); Order and Judgment, *In re: T-Mobile Customer Data Sec. Breach Litig.*, No. 4:21-MD-03019-BCW (W.D. Mo. Jan. 16, 2025), Dkt. No. 263 (same); Order Granting Mots. for Final Approval and for Award of Att's' Fees, Costs, and Incentive Awards to Named Pls., *Hasbrook v. EP Glob. Prod. Sols., LLC*, No. 23STCV19711 (Cal. Super. Ct. Feb. 25, 2025) (same); Order and Judgment, *In Re Harvard Pilgrim Data Sec. Incident Litig.*, No. 1:23-cv-11211-NMG (D. Mass. Aug. 4, 2025), Dkt. No. 114 (same); Order, *Reed v. PostMeds, Inc.*, No. 4:23-cv-05710-HSG (N.D. Cal. Jun. 17, 2025), Dkt. No. 116 (same); *State of Maine v. BP P.L.C., et al.,* No. 2:25-cv-00001-SDN (D. Me. Jan 9, 2026) (same); Revised Final J. & Order, *District Council #16 v. Sutter Health, et al.*,

No. RG15753647 (Cal. Superior Ct., Alameda Cnty. Sept. 16, 2025) (same). In November of 2024, this Court granted attorney fees and approved Hausfeld LLP's rates. Order, *In Re: Packaged Seafood Products Antitrust Litig., No.* 3:15-md-02670-DMS-MSB (S.D. Cal. Nov. 22, 2024), Dkt. No. 3324.

19. Hausfeld's hourly rates are based on regular and ongoing monitoring of prevailing market rates for attorneys and paralegals of comparable skill, experience, and qualifications in complex contingent-fee-based litigation. In determining our attorneys' hourly rates from year to year, firm management researches market rates and ensures that our updated rates are reasonable. The hourly rates for the partners, attorneys, and professional support staff at Hausfeld are the usual and customary rates charged for their services in similar contingent complex litigation matters. Hausfeld's applicable rates in 2025 ranged from $370 to $900 per hour.

20. As shown in the attached firm resume, Ex. A, the Hausfeld attorneys and staff who worked on this matter are highly skilled, with strong reputations. Accordingly, "the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).

21. After significant research, I have general familiarity with the range of hourly rates typically charged by skilled global litigation firms in San Diego, both on a current basis and historically. My firm's billing rates are consistent with those charged by similarly experienced counsel in San Diego and are commensurate with those prevailing in the market for such legal services.

22. Given that Hausfeld prosecutes contingency cases on a risk-basis where we only receive fees upon success, our attorneys strive to work as efficiently as possible. The firm makes sure to use attorneys and staff with the appropriate amount of experience for any given task. This consistent effort helps keep Hausfeld's fees as low

DECL. OF MARY S. VAN HOUTEN          CASE NO.: 3:24-cv-01265-DMS-AHG
HARPER ISO SUPPLEMENTAL BRIEF

as possible. Additionally, although we had two partners assigned to this motion, we limited any duplication of effort to ensure maximum efficiency. I was at the helm of the strategy, briefing, and argument, and Katie Beran consulted as appropriate to ensure the best quality work product possible. Associates balanced the work similarly—Mandy Boltax served as the primary drafter of the motion to compel and supplemental briefing, while Erika Inwald provided insight and support. The recorded hours of partners and associates reflect this coordination.

23.     As of August 1, 2025, my firm spent a total of 209.5 hours working on the motion to compel and subsequent briefing, and preparing for, traveling to and attending the July 31, 2025 hearing. The total billed amount for this work is $136,287.00. Exhibit B reflects a true and correct accounting of the total hours and billable amounts, broken down by team member, applicable billable rates, and description of work.

24.     Regarding expenses, Hausfeld incurred a total of $7,086.14 in costs litigating this motion to compel. Specifically, we incurred $372.37 in Westlaw charges, $442.68 making certified copies, and $6,271.09 on travel for the July 31 hearing. Exhibit C reflects a true and correct accounting of the total expenses.

25.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this 4th day of March, 2026, at Washington, District of Columbia.

Dated: March 4, 2026                    Respectfully Submitted,

                                        */s/ Mary S. Van Houten Harper*
                                        Mary Sameera Van Houten Harper

---

DECL. OF MARY S. VAN HOUTEN                 CASE NO.: 3:24-cv-01265-DMS-AHG
HARPER ISO SUPPLEMENTAL BRIEF

7